# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

DAVID RODRIGUEZ,

                Plaintiff,

-vs-

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, *et al.*,

                Defendants.

DECISION & ORDER

09-CV-6511-CJS

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights case, with a claim under the Americans with Disabilities Act ("ADA"), is before the Court on Defendants' motion to dismiss (Docket No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that because Plaintiff seeks a prison transfer, his ADA claim must be dismissed, or, in the alternative, that claims against two individual defendants must be dismissed for lack of personal involvement. For the reasons stated below, the application is granted.

## FACTUAL BACKGROUND

The Court accepts the allegations in Plaintiff's complaint as true for the purposes of this motion. Plaintiff makes the following claims in the factual portion of his complaint:

> On the 23rd of May 2009 I submitted a request for reasonable accommodation. Said reasonable accommodation was denied because Dr. J. Levitt stated that I had no disability. Because of this false information, I was denied proper medical accommodation and the right to participate in programs which will help me gain my freedom.

(Compl. at 5.)

## STANDARD OF LAW

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co.*

*Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

**ANALYSIS**

Plaintiff makes his claim under the Equal Protection clause of the Fourteenth Amendment, the Eighth Amendment (denial of medical treatment) and the ADA. The Court must broadly construe Plaintiff's claims inasmuch as he is proceeding *pro se*. Nevertheless, conclusory allegations are insufficient to state a claim and here, in the context of Plaintiff's constitutional claims under the Fourteenth and Eighth Amendments, his allegations fail to state a plausible claim. *See Marrero v. Kirkpatrick*, 659 F. Supp. 2d 422, 424–25 (W.D.N.Y. 2009) (dismissing a complaint that alleged only in conclusory fashion that defendants had violated the plaintiffs equal protection rights.).Thus, Plaintiff's claims under the Equal Protection Clause and the Eighth Amendment must be dismissed.

Turning to his disability discrimination claim, the ADA provides in relevant part as follows:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. His claim might also be read to make out a cause of action under section 504 of the Rehabilitation Act, which similarly provides that:

> [n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a) (2000). As the Second Circuit held in *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003):

> In order to establish a violation under the ADA, the plaintiffs must demonstrate that (1) they are "qualified individuals" with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities. *See Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir.1998). Additionally, to establish a violation under the Rehabilitation Act, a plaintiff must show that the defendants receive federal funding. Id. The defendants concede that the plaintiffs are qualified individuals with disabilities, that the defendants receive federal funding, and that the city defendants are subject to both the ADA and the Rehabilitation Act. The defendants deny, however, that plaintiffs have proven that they have been discriminated against because of their disability as that concept is defined under the ADA and Rehabilitation Act.

*Id*. at 272. Here, Plaintiff has failed to plead a plausible claim under either the ADA or the Rehabilitation Act. Disregarding that he may be requesting relief not available to him, his complaint fails to make any factual allegation that he is a qualified individual with a

disability. His conclusory allegations are insufficient to withstand dismissal under Federal Rule of Civil Procedure 12(b)(6). Accordingly, his ADA claim, and any claim he might have under the Rehabilitation Act must be dismissed.

Likewise, the claims against Defendants Dr. Wright and Dr. Clemens[1] must also be dismissed for failure to state a plausible claim against either one. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C.] § 1983." *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991). Though Plaintiff lists Dr. Lester Wright and Dr. Clemen [sic] as defendants in his complaint, he states in the factual portion of his complaint that a Dr. J. Levitt determined he had no disability. He makes no mention of any manner in which Doctors Wright or Clemens participated in any act against him. In his answering affidavit, Plaintiff states that Dr. Wright had first hand knowledge (because Plaintiff received correspondence from Dr. Wright). However, he fails to allege that Dr. Wright was personally involved in the decision to allegedly discriminate against Plaintiff because of his disability. The same is true of his statements in his answering affidavit concerning Dr. Clemens. Without allegations of personal involvement in the alleged discrimination against him, there is no plausible basis for a claim against Doctors Wright or Clemens.

In *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citation omitted), the Court of Appeals admonished the district court stating: "A pro se complaint is to be read liberally.… Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might

---

[1]In his answering affidavit, Plaintiff refers to Dr. Clemens as "Clemons" and in his complaint as "Clemen." Defendants' memorandum of law refers to him as "Clemens."

be stated." It appears to the Court that Plaintiff may be able to state a plausible claim based on discrimination against him as a result of a disability, even though the factual allegations in his first complaint are conclusory and failed to include pertinent information. Accordingly, the dismissal is without prejudice.

**CONCLUSION**

For the reasons stated above, Defendants' motion (Docket No. 6) is granted. The complaint is dismissed without prejudice to filing an amended complaint by **March 18, 2011**, which cures the deficiencies in the original complaint. Failure to do so will result in prejudice and the termination of this case.

IT IS SO ORDERED.

Dated: February 28, 2011
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge